UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY MACKEY, | Case No. 1:18-cv-00988-DAD-JDP |
| Plaintiff, | SCREENING ORDER |
| v. | FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF BE PERMITTED TO PROCEED ON COGNIZABLE CLAIMS AND THAT NON-COGNIZABLE CLAIMS BE DISMISSED WITH LEAVE TO AMEND |
| D. GOSS, *et al.*, | |
| Defendants. | |
| | OBJECTIONS, IF ANY, DUE IN 14 DAYS |
| | ECF No. 1 |

Plaintiff Tommy Mackey is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint, filed July 24, 2018, ECF No. 1, is before the court for screening under 28 U.S.C. § 1915A. The court finds that plaintiff has stated excessive force claims against defendants R. Rodriguez, D. Rodriguez, Pompa, Garcia, Schulte, and Martinez. The court will recommend that plaintiff's remaining claims and defendants be dismissed without prejudice and that he be granted leave to amend the complaint.

I.     **SCREENING AND PLEADING REQUIREMENTS**

A district court is required to screen a prisoner's complaint seeking relief against a governmental entity, its officer, or its employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of a complaint that is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

## II.    COMPLAINT[1]

Plaintiff is currently incarcerated at Kern Valley State Prison ("KVSP") in Delano, California. *Id.* at 1. Plaintiff names nine defendants: eight individuals and the State of California. *Id.* at 2. Plaintiff sues the individuals, all of whom are employed at KVSP, in their official and individual capacities. *Id.* at 3-4. They are Captain D. Goss, Sgt. R. Rodriguez, Correctional Officer ("CO") D. Rodriguez, CO M. Pompa, CO J. Garcia, CO E. Schulte, CO Martinez, and Licensed Vocational Nurse ("LVN") N. Buschbacher. *Id.*

Plaintiff alleges:

---

[1] The court draws the facts of this section from plaintiff's complaint, ECF No. 1, and accepts them as true for purposes of screening.

1

2

3

4

5

6

7

8

9

10

11

12

> On 3-16-16, excessive force by numerous . . . CDCR officers was used on me. On [that day,] I was experiencing mental health issues, I was decompensating due to acute depression. I requested to go to the crisis bed due to I was feeling suicidal. C/O Martine, came to my cell . . . and placed me in restraints on my arms and legs. Instead of being afforded to go to the mental health treatment center, I was [forced] to go to the C/O's program office. Once I got inside the program office, Sgt. R. Rodriguez, C/O M. Pompa, C/O J. Garcia, C/O D. Rodriguez, C/O E. Schulte, [and] C/O Martinez, all acting in concert/conspiratorial agreement, began using unnecessary . . . excessive force against me by punching and kicking me in the head + face. I was then shoved out of my wheelchair to the floor and the all above officers and Sgt. [continued] kicking my whole body. These officers did this excessive force to me to inflict harm and pain to me. The unnecessary use of excessive force . . . inflicted upon my person was not applied in a good faith effort but maliciously + sadistically with one intent: to hurt me. This was an [unjust, intentional] illegal act . . . which was cruel and unusual punishment by way of [deliberate] indifference to my health.

13

ECF No. 1 at 5 (punctuation and capitalization altered).

14

Plaintiff further alleges that "Captain D. Goss had a fiduciary duty to stop the said brutal

15

attack . . . [and his failure to do so] was the proximate cause to all the injuries." *Id.* at 6. Finally,

16

plaintiff alleges that "LVN N. Buschbacher violated my 14th US Constitutional rights by failing to

17

. . . document any of my injuries." *Id.*

18

**III.    DISCUSSION**

19

**A. Requirements Under 42 U.S.C. § 1983**

20

Section 1983 allows a private citizen to sue for the deprivation of a right secured by

21

federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To

22

state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law

23

caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park*

24

*v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation

25

requirement by showing either (1) the defendant's "personal involvement" in the alleged

26

deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a

27

supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th

28

Cir. 2018).  As for the second method, the plaintiff can establish a causal connection by showing

that the defendant "set[] in motion a series of acts by others, or by knowingly refus[ing] to

terminate a series of acts by others," which the defendant "knew or reasonably should have

known would cause others to inflict a constitutional injury."  *Id*.

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an

unconsenting state."  *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th

Cir. 1991) (internal citations omitted).  This prohibition extends to state agencies and suits

seeking monetary damages for past injury.  *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy,*

*Inc.*, 506 U.S. 139, 144 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100

(1984).  Considering the foregoing, defendant State of California is immune from suit under the

Eleventh Amendment.  On the other hand, the eight remaining defendants—state prison

employees who can be inferred to have acted under color of state law—are proper defendants.

*See Paeste v. Gov't of Guam*, 798 F.3d 1228, 1238 (9th Cir. 2015) ("[G]enerally, a public

employee acts under color of state law while acting in his official capacity or while exercising his

responsibilities pursuant to state law." (quoting *West v. Atkins*, 487 U.S. 42, 50 (1988))).

We next consider whether plaintiff has alleged that each of these eight defendants—Goss,

R. Rodriguez, D. Rodriguez, Pompa, Garcia, Schulte, Martinez, and Buschbacher—personally

participated in the alleged constitutional deprivations as required by § 1983.  *See Preschooler II*,

479 F.3d at 1183.  Plaintiff plausibly alleges that seven of the eight defendants personally

participated in the alleged deprivations.  Plaintiff alleges that defendants R. Rodriguez, Pompa,

Garcia, D. Rodriguez, Schulte, and Martinez personally used excessive physical force on him.

Plaintiff further alleges that defendant Buschbacher personally failed to document plaintiff's

injuries.

Plaintiff does not plausibly allege that defendant Goss personally participated in or caused

the alleged deprivations; instead, plaintiff seems to rely on a theory of vicarious liability.  *See*

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("[V]icarious liability is inapplicable to *Bivens*

and § 1983 suits[;] a plaintiff must plead that each Government-official defendant, through the

official's own individual actions, has violated the Constitution.").  Plaintiff alleges only that Goss

1  is a "Correctional Captain" who had duties (1) to stop the alleged attack and (2) to train the

2  correctional officers under his watch to refrain from excessive force.  ECF No. 1 at 3, 6.

3  However, plaintiff fails to allege that Goss was present during the attack or that he was in charge

4  of the named defendants who allegedly perpetrated the attack.  Accordingly, plaintiff has not

5  stated sufficient facts for the court to find personal participation by defendant Goss.

6       The remaining question is whether the other individual defendants violated federal law.

7  Plaintiff seeks to bring a variety of claims, including for cruel and unusual punishment, due

8  process violations, and equal protection violations.  ECF No. 1 at 5-6.  Plaintiff's allegations do

9  not support all the claims he seeks to bring.  For instance, there is no Fourteenth Amendment

10  right to have your injuries documented by a state official, so his claim against LVN Buschbacher

11  must be dismissed.  However, the alleged facts do implicate cruel and unusual punishment; we

12  will analyze whether plaintiff has stated such a claim below against defendants R. Rodriguez, D.

13  Rodriguez, Pompa, Garcia, Schulte, and Martinez.

14       **B.  Excessive Force**

15       The Eighth Amendment prohibits those who operate our prisons from using "excessive

16  physical force" against inmates.  *Wilkins v. Gaddy*, 559 U.S. 34 (2010) (per curiam); *Hudson v.*

17  *McMillian*, 503 U.S. 1, 8-9 (1992).  For claims arising out of the use of excessive physical force,

18  the core inquiry is "whether force was applied in a good-faith effort to maintain or restore

19  discipline, or maliciously and sadistically to cause harm."  *Wilkins*, 559 U.S. at 37

20  (quoting *Hudson*, 503 U.S. at 7).  To facilitate this inquiry, the Supreme Court has articulated five

21  factors to consider: "(1) the extent of injury suffered by an inmate; (2) the need for application of

22  force; (3) the relationship between that need and the amount of force used; (4) the threat

23  reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity

24  of a forceful response."  *Hudson*, 503 U.S. at 7.

25       While the extent of injury suffered by an inmate is one of the factors to be considered in

26  determining whether the use of force is wanton and unnecessary, the absence of serious injury

27  does not end the Eighth Amendment inquiry.  *See id.*  Whether the alleged wrongdoing is

28  objectively "harmful enough" to establish a constitutional violation is contextual and responsive

1    to contemporary standards of decency. *Id.* at 8 (citing *Estelle v. Gamble*, 429 U.S. 97, 103

2    (1976)). Such standards are always violated when prison officials maliciously and sadistically

3    use force to cause harm, whether or not significant injury is evident. *See id.*; *see also Schwenk v.*

4    *Hartford*, 204 F.3d 1187, 1196 (9th Cir. 2000) (holding no lasting injury required for an act to

5    qualify as sexual assault because sexual assault was deeply offensive to human dignity); *Felix v.*

6    *McCarthy*, 939 F.2d 699, 701-02 (9th Cir. 1991) (holding that it is not the degree of injury that

7    makes out a violation of the Eighth Amendment but rather use of official force or authority that is

8    intentional, unjustified, brutal and offensive to human dignity). That is not to say that every

9    malevolent touch by a prison guard gives rise to a federal cause of action; the Eighth

10    Amendment's prohibition of cruel and unusual punishment necessarily excludes from

11    constitutional recognition *de minimis* uses of physical force. *Hudson*, 503 U.S. at 9-10

12    (concluding that blows directed at inmate which caused bruises, swelling, loosened teeth and a

13    cracked dental plate were not *de minimis*).

14      Here, plaintiff has stated excessive force claims against defendants R. Rodriguez, D.

15    Rodriguez, Pompa, Garcia, Schulte, and Martinez. Plaintiff alleges that all these defendants,

16    "acting in concert/conspiratorial agreement, [used] unnecessary . . . excessive force against me by

17    punching and kicking [him] in the head + face" without good cause. ECF No. 1 at 5.

18    **IV.**    **CONCLUSION**

19      The court has screened plaintiff's complaint and finds that plaintiff has stated excessive

20    force claims against defendants R. Rodriguez, D. Rodriguez, Pompa, Garcia, Schulte, and

21    Martinez. The court will recommend that plaintiff's remaining claims and defendants be

22    dismissed without prejudice and that he be granted leave to amend the complaint.

23      Should plaintiff choose to amend the complaint, the amended complaint should be brief,

24    Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of

25    plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*,

26    297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a

27    claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.

28    at 570). There is no *respondeat superior* liability, and each defendant is only liable for his or her

own misconduct. *See id.* at 677. Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *Jones*, 297 F.3d at 934 (emphasis added). Plaintiff should note that a short, concise statement of the allegations in chronological order will assist the court in identifying his claims. Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of plaintiff's rights. Plaintiff should also describe any harm he suffered from the violation of his rights. Plaintiff should not fundamentally alter his complaint or add unrelated issues. *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

Any amended complaint will supersede the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete on its face without reference to the prior, superseded pleading, *see* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

**V.     RECOMMENDATIONS**

Under 28 U.S.C. § 636(c)(1), all parties named in a civil action must consent to a magistrate judge's jurisdiction before that jurisdiction vests for "dispositive decisions." *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). No defendant has appeared or consented to a magistrate judge's jurisdiction, so any dismissal of a claim requires an order from a district judge. *Id.* Thus, the undersigned submits the following findings and recommendations to a United States District Judge under 28 U.S.C. § 636(b)(l):

1.  Plaintiff states excessive force claims against defendants R. Rodriguez, D. Rodriguez, Pompa, Garcia, Schulte, and Martinez.

2.  Plaintiff's remaining claims and defendants should be dismissed without prejudice, and plaintiff should be granted leave to amend the complaint.

7

3. If plaintiff files an amended complaint, defendants R. Rodriguez, D. Rodriguez, Pompa, Garcia, Schulte, and Martinez should not be required to respond until the court screens the amended complaint.

Within fourteen days of service of these findings and recommendations, plaintiff may file written objections with the court. If plaintiff files such objections, he should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     April 3, 2019     _____
                              UNITED STATES MAGISTRATE JUDGE

No. 203.

8