UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY MACKEY,<br><br>             Plaintiff,<br><br>     v.<br><br>D. GOSS, *et al.*,<br><br>             Defendants. | No.  1:18-cv-00988-DAD-JDP<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR A DISCOVERY EXTENSION AND DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>ECF No. 41 |

Plaintiff Tommy Mackey is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983.  On September 14, 2020, plaintiff filed a single motion for a 90-day discovery extension and for appointed counsel.  ECF No. 41.  The court will grant in part and deny in part.  In light of the pandemic and the previous stay in this case, the court extends discovery by 90 days from the date of this order, and resets the deadline for dispositive motions to 120 days from the date of this order.

The court denies plaintiff's motion for counsel.  Plaintiff contends that he has trouble litigating the case because of the pandemic, lost property, and difficulties obtaining legal paperwork.  But plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998), and the court lacks the authority to require an

1

attorney to represent plaintiff, *see Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  This court may request the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1); *Rand*, 113 F.3d at 1525.  However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances.  In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

The court cannot conclude that exceptional circumstances requiring the appointment of counsel are present here.  At this stage in the proceedings, plaintiff has not demonstrated a likelihood of success on the merits, and the issues covered in his complaint do not appear unusually complex.

Accordingly, plaintiff's motion for the appointment of counsel is denied without prejudice.  The court may revisit this issue at a later stage of the proceedings if the interests of justice so require.

IT IS SO ORDERED.

Dated:   September 16, 2020                              _____
                                                          UNITED STATES MAGISTRATE JUDGE

No. 205.