IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY MACKEY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RODRIGUEZ, et al.,<br><br>　　　　　　Defendants. | Case No. 1:18-cv-00988-DAD-HBK (PC)<br><br><u>ORDER GRANTING MOTION TO VACATE AND MODIFY SCHEDULING ORDER</u><br><br><u>ORDER GRANTING UNOPPOSED MOTION FOR ENLARGEMENT OF TIME</u><br><br>Doc. Nos. 44, 45<br><br>**DISCOVERY: March 16, 2021**<br><br>**DISPOSITIVE MOTIONS: April 16, 2021** |

　　Pending before the Court are the following motions: Defendants' motion to vacate and modify the discovery and scheduling deadlines filed December 1, 2020 (Doc. No. 44); and, Plaintiff's motion for an enlargement of time to extend discovery by 90 days filed December 11, 2020 (Doc. 45), to which Defendants filed a Statement of Non-Opposition on January 4, 2021 (Doc. No. 46).

　　Due to the covid-19 pandemic placing a greater need on videoconference equipment for court hearings and depositions, Defendants state they have not been able to depose Plaintiff, who remains

incarcerated at the California Department of Corrections and Rehabilitation. Doc. No. 44 at 1-2. Plaintiff also seeks an enlargement of time to conduct discovery, requesting 90 days, due to lack of access to the law library and quarantine caused by the covid-19 pandemic. Doc. No. 45 at 1. Defendants do not object to extending the discovery deadline until 90 days from the last prior discovery deadline, or in other words March 16, 2021. Doc. No. 46 at 2. Defendants do object to extending the discovery deadline any further past March 16, 2021, noting the motion does not set forth any factors to show Plaintiff has been acting diligently, *e.g.* providing no justification for why Plaintiff needs access to the law library, what measures he took to obtain access to the law library, or why the allotted time has been insufficient. *Id.* at 2-3.

Fed. R. Civ. P. 6(b) provides for extending deadlines for good cause shown, if the request to extend time is made before the original time, or its extension expires; or, on a motion made after the time has expired, if the party failed to act because of excusable neglect. Additionally, Fed. R. Civ. P. 16(b)(4) permits a court to modify a scheduling order for good cause shown and with the judge's consent.

Here, the Court finds good cause to extend these deadlines, particularly an unopposed motion. However, the Court will not continue to grant endless motions for enlargements of time due solely to the covid-19 pandemic. The Court vacates its current discovery and dispositive motions deadlines set forth in its November 21, 2019 Order (Doc. No. 28), amended by its September 16, 2020 Order (Doc. No. 42). Discovery is extended to March 16, 2021. Dispositive motions shall be filed on or before April 16, 2021.

Accordingly, it is **ORDERED**:

1. Defendants' motion to vacate and modify the scheduling order (Doc. No. 44) is **GRANTED as set forth herein**.

2. Plaintiff's unopposed motion for an enlargement of time for discovery (Doc. No. 45) is **GRANTED as set forth herein**.

3. The amended deadlines are as follows: DISCOVERY: March 16, 2021; DISPOSITIVE MOTIONS: April 16, 2021.

IT IS SO ORDERED.

Dated:    February 2, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE