UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY MACKEY,<br><br>    Plaintiff,<br><br>    v.<br><br>FNU RODRIQUEZ, et. al.,<br><br>    Defendant. | Case No. 1:18-cv-00988-DAD-HBK<br><br>ORDER DENYING PLAINTIFFS MOTION TO APPOINT COUNSEL<br><br>(Doc. No. 48) |

Pending before the Court is plaintiff's motion to appoint counsel filed April 30, 2021. (Doc. No. 48.) Plaintiff Tommy Mackey is currently incarcerated within a California state prison and is proceeding *pro se* on his civil rights complaint as screened. (*See* Doc. Nos. 1, 15, 16, 17, 30). Plaintiff is proceeding *in forma pauperis*. (Doc. No.7).

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir.

1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff states that he requires appointment of counsel for the following reasons: plaintiff's indigence, the alleged factual and legal complexity of his case; his inability to investigate due to incarcerated status; conflicting testimony; the merits of his case; and his inability to afford the hiring of his own attorney. (Doc. No. 48 at 1, 3-4.). Plaintiff has not met his "burden of demonstrating exceptional circumstances." *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).

Plaintiff's indigence does not qualify "as an exceptional circumstance in a prisoner civil rights case." *Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018). Although plaintiff is proceeding *pro se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face. Challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel. *Courtney v. Kandel*, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020). Contrary to plaintiff's assertion, the court does not find the issues are "so complex that due process violations will occur absent the presence of counsel." *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993). From the pleadings filed in this case, plaintiff has demonstrated an ability to prosecute this case *pro se*.

Accordingly, it is **ORDERED**:

Plaintiff's motion to appoint counsel (Doc. No. 48) is DENIED without prejudice.

///

IT IS SO ORDERED.

Dated:   May 19, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE