UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY MACKEY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>R. RODRIQUEZ, ET. AL.<br><br>　　　　　Defendants. | Case No.  1:18-cv-988-DAD-HBK<br><br>THIRD AMENDED ORDER SETTING SETTLEMENT CONFERENCE[1]<br><br>Date: October 5, 2021<br><br>Time: 1:30 p.m.<br><br>Place: Zoom<br><br>**Before the Hon. Barbara A. McAuliffe** |

　　　　Plaintiff Tommy Mackey is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was previously scheduled for a settlement conference before Judge McAuliffe.  (Doc. Nos. 34, 36, 37).   Defendants moved to continue the settlement conference due to safety and logistical reasons caused by the COVID-19 pandemic.  (Doc.  No. 38).  The Court granted Defendants' motion and ultimately vacated the settlement conference.  (Doc. No. 39).

---

[1] The Third Amended Order results from the unavailability of zoom video conference at RJ Donovan Correctional Institution on the previously scheduled dates of May 12, 2021 and September 7, 2021.  (Doc. Nos. 49, 52).  The current settlement conference date is scheduled pursuant to the Defendants' notice regarding a mutually agreeable date.  (Doc.  No. 57).

1

Because the dispositive deadlines have now past (Doc. Nos. 28, 47) and the parties have not yet had the opportunity to participate in a settlement conference before this matter proceeds to trial, the undersigned refers this matter to Judge Barbara McAuliffe to preside over a **video settlement conference, via the Zoom videoconferencing application**, on October 5, 2021, at 1:30 p.m.  The Court will issue any necessary transportation order in due course.

As set forth in the screening order, Plaintiff has stated a cognizable civil rights claim.  But, stating a cognizable claim does not mean Plaintiff will prevail at trial.  Counsel for Defendants shall contact Courtroom Deputy, Esther Valdez, evaldez@caed.uscourts.gov, or (559) 499-5788 for the video and dial-in information, including any necessary passcodes, for all parties.  Counsel for Defendants is also required to arrange for Plaintiff's participation by contacting the Litigation Coordinator at the institution where Plaintiff is housed and providing the necessary Zoom contact information.  In issuing this order, there is a presumption that this case will proceed to a settlement conference.[2]

The parties shall each submit to Judge McAuliffe a confidential settlement conference statement, as described below, to arrive at least seven days (one week) prior to the conference.  The Court puts the parties on notice that if Plaintiff has any outstanding criminal restitution obligation, fines and/or penalties, these settlement negotiations shall not be geared towards what the restitution obligation is, but what the value of the case itself is to each side, irrespective of any outstanding restitution obligation.

Accordingly, it is **ORDERED**:

1. This case is set for a video settlement conference **via the Zoom videoconferencing** before Magistrate Judge Barbara A. McAuliffe on **October 5, 2021 at 1:30 p.m.**
2. A representative with full and unlimited authority to negotiate and enter a binding settlement shall attend **via the Zoom videoconferencing application**.[3]

---

[2] If the case does not settle, the Court will then lift the stay of its Discovery and Scheduling Order or issue one forthwith.

[3] In light of the coronavirus (COVID-19) outbreak and the evolving coronavirus protocols, the Court may issue an order at a later date requiring the parties to appear in person.

3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure or refusal of any counsel, party or authorized person subject to this order to appear in person may result in the cancellation of the conference and the imposition of sanctions. The manner and timing of Plaintiff's transportation to and from the conference is within the discretion of CDCR.

4. Defendants shall provide a confidential settlement statement to the following email address: evaldez@caed.uscourts.gov. Plaintiff shall mail his confidential settlement statement to U.S. District Court, 2500 Tulare Street, Fresno, California 93721, **"Attention: Magistrate Judge Barbara McAuliffe."** The envelope shall be marked "Confidential Settlement Statement." Settlement statements shall arrive no later than**, September 27, 2021**. Parties shall also file a Notice of Submission of Confidential Settlement Statement (See Local Rule 270(d)). Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**. Settlement statements shall be clearly marked "Confidential" with the date and time of the settlement conference indicated prominently thereon.

5. The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

    a. A brief statement of the facts of the case.

    b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    c. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

    d. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

      e. A brief statement of each party's expectations and goals for the settlement conference, including how much a party is willing to accept and/or willing to pay.

      f. <u>If parties intend to discuss the joint settlement of any other actions or claims not in this suit, give a brief description of each action or claim as set forth above, including case number(s) if applicable.</u>

6. If a settlement is reached at any point during the stay of this action, the parties shall file a Notice of Settlement in accordance with Local Rule 160.

7. The parties remain obligated to keep the Court informed of their current address at all times during the stay and while the action is pending. Any change of address must be reported promptly to the Court in a separate document captioned for this case and entitled "Notice of Change of Address." *See* Local Rule 182(f).

8. **A failure to follow these procedures may result in the imposition of sanctions by the court.**

Dated:   August 20, 2021

                                        HELENA M. BARCH-KUCHTA
                                        UNITED STATES MAGISTRATE JUDGE