1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TOMMY MACKEY,                              Case No.  1:18-cv-988-DAD-HBK

12                  Plaintiff,                  ORDER DENYING PLAINTIFF'S MOTION
                                                TO MODIFY SCHEDULING ORDER,
13          v.                                  EXTEND DISCOVERY AND FOR
                                                APPOINTMENT OF COUNSEL
14   R. RODRIQUEZ; D. RODRIQUEZ; M.
     POMPA; J. GARCIA; E. SCHULTE; FNU          (Doc. No.  68)
15   MARTINEZ.,

16                  Defendants.

17

18          Pending before the Court is Plaintiff's "motion for relief from discovery cut-off date and

19   for extension of time for discovery" filed on January 12, 2022.  Plaintiff files a declaration in

20   support.  (Doc. No. 68 at 3-9).  Plaintiff also attaches new interrogatories dated December 28,

21   2021, and a subpoena seeking the production of institutional telephone conversations containing

22   settlement discussions recorded in June-July 2021 and December 20, 2021, between Plaintiff and

23   defense counsel.  (*Id.* at 10-21).  Defendants filed an opposition to Plaintiff's motion and

24   supporting declaration on February 2, 2022.  (Doc. No. 69).  Plaintiff filed a reply on February

25   24, 2022.  (Doc. No. 71).

26                          **I.  Summary of the Arguments**

27          The Court summarizes only the pertinent facts and allegations herein.  Plaintiff seeks

28   relief from the discovery deadlines in this case, 60 more days to conduct discovery, and requests

appointment of counsel.  (*See generally* Doc. No. 68 at 1-5).  In support of his request for relief from the discovery deadlines, Plaintiff blames the Covid-19 pandemic, certain acts Plaintiff believes were intentionally done to prevent him from litigating this case, such as, his placement in administrative segregation at California State Prison Los Angeles County, and his state of health.  (*See generally id.* at 1-4).  Plaintiff explains the late filing of his motion was due to his being hospitalized on December 21-22, 2021, due to a blood infection and liver failure.  (*Id.* at ¶10).  Plaintiff states he was just released from the hospital December 26, 2021, and that he "demanded to be released and returned here to prison against those doctors' recommendations just so he could get his legal documents." (*Id.* at ¶11).  Plaintiff states he is still ill, and the Court should appoint him counsel.  (*Id.* at ¶31).

Turning to the issues the discovery issues, Plaintiff states he was moved to administrative confinement and alleges this was for the "specific purpose of preventing [him] from getting the help [he] needed to litigate this case and to steal [his] property." (*Id.* at ¶4, ¶27).  Plaintiff submits that he can barely read and write but acknowledges he has received help from another inmate, Bryant, who also litigated an excessive force claim against the same Defendants.  (*Id.* at ¶5, ¶30).  Regarding the discovery requested, Plaintiff contends defense counsel "provided [him] with a small portion of what [he] requested." (*Id.* at ¶3).  Plaintiff alleges, when he was moved to administrative segregation, all the records in this case and his discovery was taken away, none of it returned, and defense counsel did not supplement discovery as he said he would.  (*Id.* at ¶7, ¶25, ¶27).  Plaintiff further claims defense counsel kept delaying discovery, telling Plaintiff he should not worry about it due to the Covid restrictions and assured him there would be plenty of time.  (*Id.* at ¶24).  Plaintiff further avers that when he asked defense counsel for discovery in April or May 2021, defense counsel used the settlement conference as an excuse to not provide him discovery.  (*Id.* at ¶26).

Turning to the issues involving settlement discussions, Plaintiff requests the court issue a subpoena of prison telephone records to listen to the settlement conversations between Plaintiff and defense counsel, contending defense counsel acted in bad faith.  (*Id.* at ¶29).  Plaintiff states he told Defendant he would not settle for less than $65,000 or $75,000.  (*Id.* at ¶29).  Knowing

the requested settlement demand, Plaintiff contends defense counsel permitted the settlement conference to proceed in an effort to delay the action and prevent Plaintiff from getting additional discovery.  (*Id.* at ¶18, ¶19).

In opposition, Defendants raise three primary points to refute Plaintiff's arguments.  (Doc. No. 69).  First, Defendants point out that the docket history directly contradicts Plaintiff's allegations that defense counsel engaged in bad faith tactics to delay litigation in this case by using the settlement conference.  (*Id.* at 1).  Rather, the Court *sua sponte* ordered settlement conferences and Defendants willingly participated pursuant to the Court's orders.  (*Id.*).  Second, to the extent Plaintiff implies he relied on Defendants' settlement communications to his detriment, Defendants submit that the settlement discussions occurred long after discovery was closed making it implausible that the settlement conference or negotiations prevented Plaintiff from obtaining discovery.  (*Id.* at 2).  Third, Defendants disagree with Plaintiff's characterization of their private settlement discussions; but nevertheless, submit those conversations are of no consequence to re-open discovery or to establish good cause.  (*Id.*).  Alternatively, Defendants argue that the proper vehicle for raising issues with discovery is by filing a motion to compel and Plaintiff does not adequately explain why he did not avail himself of that remedy. (*Id.*).

In Reply, Plaintiff reiterates the purported bad acts of defense counsel raised in his motion, including Plaintiff's belief that he was placed in administrative segregation to impede him from litigating his case. (Doc. No. 71 at 1).  Plaintiff also raises new facts for the first time, including that in January or February 2020 he paid another inmate to help him get discovery and that inmate filed an erroneous motion to compel.  (*Id.* at 2).

## II.  Applicable Law

### A.  Enlargements of time/ Modifying Scheduling Order

Federal Rule of Civil Procedure 1 requires that the Court and the parties secure "the just, speedy, and inexpensive determination of every action."  *Id.*  Fed. R. Civ. P. 6(b) provides for extending deadlines for good cause shown, if the request to extend time is made before the original time, or its extension expires; or, on a motion made after the time has expired, if the party failed to act because of excusable neglect.  Additionally, Fed. R. Civ. P. 16(b)(4) permits a court

1  to modify a scheduling order for good cause shown and with the judge's consent.  Good cause

2  requires less than manifest injustice but a focus on the diligence of the moving party and that

3  party's reasons for seeking modification are the court's focus in determining whether to permit an

4  enlargement of time.  *Stoddart v. Express Services*, 2017 WL 3333994 *1-*2 (E.D. Cal. August 4,

5  2017) (other citations omitted).  "A scheduling order is not 'a frivolous piece of paper, idly

6  entered, which can be cavalierly disregarded by counsel without peril.'"  *Id.* at 1 (other citations

7  omitted).  If the moving party fails to show diligence, the inquiry should end.  *United States for

8  use and benefit of Chen v. K.O.O. Construction, Inc.*, 445 F. Supp.3d 1055, 1056 (S.D. Cal. May

9  8, 2020) (citing *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992)).

10       When ruling on a motion to amend a Rule 16 scheduling order to re-open discovery,

11  district courts should consider the following factors: (1) whether trial is imminent; (2) whether the

12  request is opposed; (3) whether the non-moving party will be prejudiced; (4) whether the moving

13  party was diligent in obtaining discovery within the guidelines established by the court; (5) the

14  foreseeability of the need for additional discovery in light of the time allowed for discovery by

15  the district court; and (6) the likelihood that discovery will lead to relevant evidence.  *City of*

16  *Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

17       **B. Appointment of Counsel**

18       The United States Constitution does not require appointment of counsel in civil cases.  *See*

19  *Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not

20  create a right to appointment of counsel in civil cases).  Under 28 U.S.C. § 1915, this court has

21  discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a

22  civil action.  *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for

23  people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir.

24  1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other

25  citations omitted).  However, motions to appoint counsel in civil cases are granted only in

26  "exceptional circumstances."  *Id.* at 1181.  The court may consider many factors to determine if

27  exceptional circumstances warrant appointment of counsel including, but not limited to, proof of

28  indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his

1   or her claims *pro se* in light of the complexity of the legal issues involved. *Id.*; *see also Rand v.*

2   *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en*

3   *banc*, 154 F.2d 952 (9th Cir. 1998).

4                                    **III.  Discussion**

5            **A.  Background**

6            A review of the docket is important in evaluating Plaintiff's allegations of delay tactics

7   directed at defense counsel.  The Court issued its discovery and scheduling order on November

8   21, 2019, initially setting a discovery deadline of July 21, 2020.  (Doc. No. 28 at 20).  The order

9   provided that discovery motions will not be considered after the deadline absent a showing of

10  good cause.  (*Id.*).  On March 5, 2020, and before the initial discovery period expired, the Court

11  stayed the case and *sua sponte* referred the case to a settlement conference to occur on June 4,

12  2020, which was rescheduled to August 5, 2020, due to the Covid-19 outbreak and evolving

13  coronavirus protocols.  (Doc. Nos. 34, 36).  Thereafter, the Court granted Defendants' motion to

14  continue the settlement conference—vacating the conference, rather than continuing it, noting

15  that absent notice from CDCR that pandemic restrictions would lift in the near future, a new

16  discovery and scheduling order would issue.  (Doc. No. 39).  CDCR did not file such a notice and

17  the Court lifted the stay on September 2, 2020.  (*See generally* docket; *see also* Doc. No. 40).

18          On September 16, 2020, the Court granted Plaintiff's motion for a ninety-day extension of

19  time to conduct discovery, thereby extending the discovery deadline to December 15, 2020.

20  (Doc. No. 42).  On February 2, 2021, the Court again extended the discovery deadline to March

21  16, 2021.  (Doc. No. 47).  Both the March 16, 2021, discovery deadline and April 16, 2021,

22  dispositive deadline have well since expired.  (Id.).

23          On May 12, 2021, noting the previous settlement conference had been cancelled, the

24  Court referred the matter for a settlement conference.  The settlement conference was rescheduled

25  three times due to Plaintiff's transfer and zoom equipment availability at CDCR resulting in an

26  October 5, 2021, settlement conference date.  (Doc. Nos. 49, 55, 58).  The October 5, 2021,

27  settlement conference reached an impasse.  (Doc. No. 65).  On October 27, 2021, the Court set

28  deadlines for filing pretrial statements and a telephonic trial confirmation hearing.  (Doc. No. 67).

1   Now, nearly nine months after discovery closed, Plaintiff filed the instant motion to re-open

2   discovery.

3       **B.  No good cause to re-open discovery**

4       The Court finds Plaintiff has not established good cause or shown diligence to further

5   modify the scheduling order and re-open discovery.  Other courts have similarly denied untimely

6   motions to re-open discovery.  *See Gleason v. California Dep't of Corr.*, 2021 WL 6126485 (E.D.

7   Cal. Dec. 28, 2021) (denying untimely motion to re-open discovery filed by *pro se* plaintiff);

8   *Hardin v. Walmart Stores, Inc.*, 2012 WL 2921226 (E.D. Cal. July 17, 2012) (noting untimely

9   discovery motion can be denied on that basis alone); *see also Johnson v. Mammoth Recreations,*

10  *Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing Fed. R. Civ. P. 16 (b)).  While there is not a firm

11  trial date set in this case, this matter is currently scheduled for a telephonic trial conference hearing

12  to take place next month, which is the precursor to trial.[1]  (*See* Doc. No. 67).

13      As discussed at length above, Defendants oppose any further extensions of discovery in

14  this matter.  (*See* Doc. No. 69).  To the extent Plaintiff seeks to re-open discovery, attributing bad

15  acts on defense counsel, as discussed above, such allegations are either refuted by a review of the

16  docket, refuted by defense counsel's assertions in his declaration, or pertain to confidential

17  settlement discussions that occurred <u>after</u> the close of discovery and are irrelevant to the issue of

18  good cause necessary to re-open discovery. (*See* docket; *see also* Doc. No. 69 at 8-14).   Plaintiff

19  initiated this case in 2018, nearly 4 years ago.  Thus, any more delay would prejudice Defendants

20  who have been defending this case for that duration.

21      Plaintiff argues his severe illness and hospitalization in December 2021 are grounds to

22  reopen discovery.  As noted above, by December 2021, the case had already reached an impasse

23  at settlement, the dispositive deadline had passed and discovery had been closed for nearly nine

24  months.  Plaintiff understood the recourse for any discovery violations was to file a motion to

25  compel.  (*See* Doc. No. 32).   Aside from filing the first motion to compel, Plaintiff elected not to

26

27  _____

28  [1] Considering the instant motion, neither party filed their pretrial statements, resulting in the need to reschedule the telephonic trial confirmation hearing.  Rescheduling this telephonic trial confirmation hearing will be done by separate order.

1    pursue another motion to the extent he deemed discovery deficient.  In Reply, Plaintiff states he

2    relied on another inmate, who made misrepresentations to him that he knew how to file a motion

3    to compel, but that filing occurred in early 2020.  There is no explanation for why Plaintiff did

4    not file a subsequent motion to compel, with or without another inmate's assistance.

5            Further, the docket confirms Plaintiff had adequate time to participate in discovery, even

6    with the Covid-19 pandemic.  The Court's scheduling orders confirm Plaintiff had from

7    November 21, 2019 to March 5, 2020 to participate in discovery, until the case was stayed so the

8    parties could opt in, or opt out, of the first settlement conference. (Doc. Nos. 28, 40, 42).

9    Additionally, after the initial settlement conference did not proceed, the stay was lifted and a

10   second scheduling order issued, discovery recommenced on September 16, 2020, and discovery

11   did not expire until March 16, 2021.  (Doc. Nos. 42, 45, 47).  Further, in May 2021, when this

12   case was rescheduled for a settlement conference, the discovery and dispositive motion periods

13   had expired; so, Plaintiff could not have relied on private settlement communications to the

14   detriment of his discovery efforts.

15          As mentioned above, a scheduling order is not a frivolous piece of paper, idly entered.

16   (*Supra* at 4).  The Court in three prior occasions extended discovery in this case.  Plaintiff fails to

17   show good cause why he was unable to engage in the discovery during the prior periods.  Given

18   that this case is postured for trial, the Court finds Plaintiff has neither demonstrated good cause or

19   shown diligence to warrant a modification of the scheduling orders and reopen discovery.

20          **C.  No exceptional circumstances to warrant appointment of counsel**

21          Liberally construed, Plaintiff's instant motion also seeks appointment of counsel.  The

22   Court twice has previously denied Plaintiff's motions for appointment of counsel. (*See* Doc. Nos.

23   42, 50).  The Court incorporates by reference the law and findings in its May 19, 2021, Order

24   (Doc. No. 50) and again finds Plaintiff has not met his burden of demonstrating exceptional

25   circumstances.  *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).  To the extent

26   Plaintiff now asserts new medical issues to support his request for appointment of counsel,

27   Plaintiff has demonstrated the ability to prosecute this action, and file motions seeking relief, as

28   demonstrated by the filing of the instant motion and reply.

1       Accordingly, it is **ORDERED**:

2       Plaintiff's motion for relief from discovery cut-off date, extension of time for discovery,

3 and motion for appointment of counsel (Doc. No. 68) is DENIED.

4

5 Dated:    March 11, 2022

6                     HELENA M. BARCH-KUCHTA

7                     UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28