UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY MACKEY,<br><br>            Plaintiff,<br><br>    v.<br><br>D. GOSS, et al.,<br><br>            Defendants. | No. 1:18-cv-00988-DAD-HBK<br><br>TENTATIVE PRETRIAL ORDER |

On August 8, 2022, the court conducted a final pretrial conference. Plaintiff Tommy Mackey, appearing *pro se* in this action, appeared telephonically; California Supervising Deputy Attorney General Preeti Bajwa and California Deputy Attorney General John William Faulconer appeared telephonically on behalf of the defendants. Having considered the parties' pretrial statements and their views, the court issues this tentative pretrial order.

Plaintiff Tommy Mackey is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's complaint against defendants R. Rodriguez, D. Rodriguez, M. Pompa, J. Garcia, E. Schulte, and Martinez for the alleged use of excessive force in violation of plaintiff's Eighth Amendment rights. This matter is now set for a jury trial to commence on March 21, 2023 at 8:30 a.m.

/////

/////

1

I.  JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. §§ 1331, 1343.  Jurisdiction is not contested.

Venue is proper pursuant to 28 U.S.C. § 1391(b).  Venue is not contested.

II.  JURY

Both parties have demanded a jury trial.  The jury will consist of eight jurors.

III.  UNDISPUTED FACTS

1. At all times relevant to this action, plaintiff Tommy Mackey was incarcerated at Kern Valley State Prison (KVSP).

2. At all times relevant to this action, defendants were correctional staff employed by the California Department of Corrections and Rehabilitation (CDCR) at KVSP.

3. On March 16, 2016, defendant Martinez escorted plaintiff, who was in a wheelchair, from his cell to another location at KVSP.

4. As plaintiff approached a program office, the escort stopped.

5. At the time the escort stopped, defendants D. Rodriguez, R. Rodriguez, and M. Pompa applied force on plaintiff.

6. The physical encounter with plaintiff caused physical injuries to defendants R. Rodriguez and D. Rodriguez.

7. After the use of force ceased, plaintiff, D. Rodriguez, and R. Rodriguez were all medically evaluated.

8. After the use of force ceased, plaintiff was placed and secured in a medical gurney and then transported to a holding cell.

9. Plaintiff was medically cleared for re-housing.

IV.  DISPUTED FACTUAL ISSUES

1. Whether defendant J. Garcia used any force on plaintiff.

2. Whether defendant E. Schulte used any force on plaintiff.

3. Whether defendant Martinez used any force on plaintiff.

4. Whether defendant D. Rodriguez used excessive force on plaintiff.

5. Whether defendant R. Rodriguez used excessive force on plaintiff.

6. Whether defendant M. Pompa used excessive force on plaintiff.

7. Whether plaintiff used force against defendants.

8. Whether plaintiff resisted defendant R. Rodriguez's orders.

9. Whether plaintiff threatened, or proceeded, to spit on a CDCR employee.

10. Whether plaintiff wrapped his legs around defendant R. Rodriguez.

11. Whether plaintiff was denied medical care for his injuries.

12. Whether any defendants attacked plaintiff without provocation, beat him, threatened him, and put him into Ad-seg to prevent him from obtaining declarations from witnesses.

V. DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE

The parties have not yet filed motions *in limine*. The court does not encourage the filing of motions *in limine* unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial. Any motions *in limine* counsel elects to file shall be filed no later than **28 days before trial**. Opposition shall be filed no later than **14 days before trial** and any replies shall be filed no later than **7 days before trial**. Upon receipt of any opposition briefs, the court will notify the parties if it will hear argument on any motions *in limine* prior to the first day of trial.

VI. SPECIAL FACTUAL INFORMATION

The parties have not identified any special factual information relevant to this case pursuant to Local Rule 281(b)(6).

VII. RELIEF SOUGHT

1. Plaintiff seeks compensatory and punitive damages.

2. According to the operative complaint in this action, plaintiff seeks $500,000 in monetary damages, that defendants be removed or dismissed from their duties, and that defendants be criminally prosecuted.[1]  (Doc. No. 1 at 7.)

---

[1] At the final pretrial conference, the court clarified that terminating defendants' employment and initiating criminal prosecution against defendants are not available remedies in this action.

3

VIII. <u>POINTS OF LAW</u>

The claims and defenses arise under federal law. All of plaintiff's claims are brought against the defendants, R. Rodriguez, D. Rodriguez, M. Pompa, J. Garcia, E. Schulte, and Martinez.

1. The elements of, standards for, and burden of proof in a claim for excessive force in violation of the Eighth Amendment.
2. The elements of, standards for, and burden of proof in a qualified immunity defense.
3. The reasonableness and necessity of plaintiff's alleged punitive damages.

Trial briefs addressing the points of law implicated by these remaining claims shall be filed with this court no later than **7 days before trial** in accordance with Local Rule 285.

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.[2]

IX. <u>ABANDONED ISSUES</u>

None.

X. <u>WITNESSES</u>

Plaintiff's witnesses shall be those listed in **Attachment A**. Defendants' witnesses shall be those listed in **Attachment B**. Each party may call any witnesses designated by the other.[3]

A. **The court does not allow undisclosed witnesses to be called for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria:**

/////

---

[2] As the court discussed with the parties at the final pretrial conference, in their objections to this tentative pretrial order, defendants shall identify which of their affirmative defenses, if any, are still asserted for the purposes of the trial of this action. To the extent that plaintiff disagrees with defendants' identification of those affirmative defenses remaining for trial, plaintiff may state his position in his responses to defendants' objections to this tentative pretrial order.

[3] Defendant is not required to call all of the witnesses listed. However, defendant's listed witnesses shall be reasonably available on the first day of trial for plaintiff to call as witnesses, if he chooses, on direct examination.

    (1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

    (2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

  B. Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses by filing a notice on the docket so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

    (1) The witness could not reasonably have been discovered prior to the discovery cutoff;

    (2) The court and opposing parties were promptly notified upon discovery of the witness;

    (3) If time permitted, the party proffered the witness for deposition; and

    (4) If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

## XI. EXHIBITS, SCHEDULES, AND SUMMARIES[4]

Plaintiff's exhibits are listed in **Attachment C**. Defendants' exhibits are listed in **Attachment D**. No exhibit shall be marked with or entered into evidence under multiple exhibit numbers, and the parties are hereby directed to meet and confer for the purpose of designating joint exhibits and to provide a list of joint exhibits. All exhibits must be pre-marked as discussed below. At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2.

/////

/////

---

[4] At the final pretrial conference, the parties were instructed to identify in their objections to this tentative pretrial order their exhibits with greater specificity (by date, Bates stamp number, author or other appropriate description) in a list format in order to eliminate any unnecessary disputes over the specific exhibits that they intend to offer at trial.

Plaintiff's exhibits shall be listed numerically, and defendants' exhibits shall be listed alphabetically.[5]

The parties must prepare three (3) separate exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above. Each binder shall have an identification label on the front and spine. The parties must exchange exhibits no later than **28 days before trial**. Any objections to exhibits are due no later than **14 days before trial**. The final exhibits are due **the Thursday before the trial date.** In making any objection, the party is to set forth the grounds for the objection. As to each exhibit which is not objected to, no further foundation will be required for it to be received into evidence, if offered.

**The court does not allow the use of undisclosed exhibits for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria**

1. The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:
    (1) The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or
    (2) The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph B, below.
2. Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits by filing a notice on the docket so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:
    (1) The exhibits could not reasonably have been discovered earlier;
    (2) The court and the opposing parties were promptly informed of their existence;

/////

---

[5] In their pretrial statement, defendants listed their exhibits numerically. (*See* Doc. No. 86 at 5–6.) Accordingly, the court has redesignated these exhibits alphabetically in Attachment D.

|   |   |   |
|---|---|---|
| | (3) | The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties. |

XII. <u>DISCOVERY DOCUMENTS</u>

The parties must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than **14 days before trial**.

Plaintiff has indicated the intent to use the following discovery documents at trial:

1. All discovery documents provided to plaintiff by defense counsel.[6]

Defendants have indicated the intent to use the following discovery documents at trial:

1. Plaintiff's deposition transcript.

XIII. <u>FURTHER DISCOVERY OR MOTIONS</u>

None.

XIV. <u>STIPULATIONS</u>

None.

XV. <u>AMENDMENTS/DISMISSALS</u>

On July 26, 2019, plaintiff notified the court of his willingness to proceed only on the claims deemed cognizable by the assigned magistrate judge's screening order in this action. (Doc. Nos. 15, 16.) Accordingly, on January 13, 2020, the court dismissed with prejudice all other claims and defendants identified in plaintiff's complaint. (Doc. No. 30.) Therefore, this case is only proceeding to trial on the claims found cognizable on the magistrate judge's screening order. (*See* Doc. No. 15.)

XVI. <u>SETTLEMENT</u>

A settlement conference was held on October 5, 2021, before Magistrate Judge Barbara A. McAuliffe. (Doc. No. 65.) The case did not settle. (*Id.*) The parties do not believe that further

---

[6] As the court discussed with the parties during the final pretrial conference, plaintiff is directed to clarify in his objections to this tentative pretrial order, with specificity, which specific discovery documents he intends to use at trial.

settlement negotiations would be helpful and no further court supervised settlement conference will be scheduled unless requested by both parties.

XVII. JOINT STATEMENT OF THE CASE

The parties do not believe a joint statement of the case is feasible.  Nonetheless, the parties will be required to prepare a joint or a proposed brief neutral statement of the case to be read to prospective jurors prior to the first day of trial.  Therefore, **the parties are directed to provide the court with a proposed neutral statement of the case in their objections to this tentative pretrial order.**

XVIII. SEPARATE TRIAL OF ISSUES

Defendants request bifurcation of the trial on the issue of punitive damages.  The court will bifurcate the trial with respect to any amount of punitive damages only.

XIX. IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

Plaintiff believes the court should appoint an impartial expert witness on CDCR prison conditions, policies, and procedures.  Defendants do not believe there is a need to appoint an impartial expert witness by the court nor do they believe there is a need to limit the number of expert witnesses.

Having considered the parties' positions, the court will not appoint any impartial expert witnesses or limit the number of expert witnesses in this case.

XX. ATTORNEYS' FEES

Plaintiff is proceeding *in propria persona* and has not incurred any attorneys' fees.

XXI. TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS

The parties do not request special handling of any trial exhibits.[7]

XXII. MISCELLANEOUS

None.

/////

---

[7] The parties request that the court retain all exhibits pending any decision on appeal. (Doc. Nos. 82 at 5; 86 at 9.) However, this is not the practice of this court, and the parties' request is hereby denied.  The trial exhibits will be returned to the offering party upon the conclusion of trial to be preserved pending any appellate proceedings.

XXIII. ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for March 21, 2023, at 8:30 a.m. in Courtroom 5 before the Honorable Dale A. Drozd. Trial is anticipated to take five to six court days. The parties are directed to Judge Drozd's standard procedures available on his webpage on the court's website.

The parties are directed to call Mamie Hernandez, courtroom deputy, at (559) 499-5652, one week prior to trial to ascertain the status of the trial date.

XXIV. PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS

The parties shall file any proposed jury *voir dire* **7 days before trial**. Each party will be limited to fifteen minutes of supplemental jury *voir dire*.[8]

The court directs the parties to meet and confer in an attempt to generate a joint set of jury instructions and verdicts. The parties shall file any such joint set of instructions **14 days before trial**, identified as "Joint Jury Instructions and Verdicts." To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due **14 days before trial**.

The parties shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a Word document to dadorders@caed.uscourts.gov no later than **14 days before trial**; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed **7 days before trial**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority. When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

XXV. TRIAL BRIEFS

As noted above, trial briefs are due **7 days before trial**.

/////

---

[8] This limitation may be subject to change. The parties are encouraged to contact Mamie Hernandez, courtroom deputy, prior to trial to confirm the time limitation on supplemental jury *voir dire* to be enforced by the then-assigned district judge.

## XXVI. OBJECTIONS TO PRETRIAL ORDER

Each party is granted **21 days from the date of this order** to file objections to the same. Each party is also granted **14 days thereafter** to respond to the other party's objections. If no objections are filed, the order will become final without further order of this court.

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283 of this court, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

IT IS SO ORDERED.

Dated: __**August 9, 2022**__                   _____
UNITED STATES DISTRICT JUDGE

# ATTACHMENT A

Plaintiff's Witness List

1. Plaintiff Tommy Mackey
2. Defendant R. Rodriguez
3. Defendant D. Rodriguez
4. Defendant F. Martinez
5. Defendant M. Pompa
6. Defendant E. Schulte
7. Defendant J. Garcia (non-expert testimony)

**ATTACHMENT B**

Defendants' Witness List

1. Defendant R. Rodriguez (non-expert and expert testimony)
2. Defendant D. Rodriguez (non-expert testimony)
3. Defendant F. Martinez (non-expert testimony)
4. Defendant M. Pompa (non-expert testimony)
5. Defendant E. Schulte (non-expert testimony)
6. Defendant J. Garcia (non-expert testimony)
7. Registered Nurse E. Negre (non-expert and expert testimony)
8. Registered Nurse P. Rodriguez (non-expert and expert testimony)
9. Registered Nurse N. Buschbacher (non-expert and expert testimony)
10. Investigative Services Unit Officer R. Garza (non-expert and expert testimony)
11. Correctional Lieutenant R. Velasco (non-expert and expert testimony)
12. Correctional Lieutenant T. Castellanos (non-expert testimony)
13. Correctional Officer B. Long (non-expert testimony)
14. Custodian of records of plaintiff's Central File
15. Custodian of records of plaintiff's medical records

**ATTACHMENT C**

Plaintiff's Exhibit List

1. CDCR Medical Records
2. CDCR Disciplinary Records
3. Appeal records
4. Staff complaint records
5. Responses to staff complaint records

**ATTACHMENT D**

Defendants' Exhibit List

A. Crime/Incident Report—Part C1—Supplement (CDCR 837-C1), reported by M. Pompa

B. Crime/Incident Report—Part C1—Supplement (CDCR 837-C1), reported by E. Schulte

C. Crime/Incident Report—Part A—Cover Sheet (CDCR 837-A), reported by R. Velasco

D. Crime/Incident Report—Part A1—Supplement (CDCR 837-A1), reported by R. Velasco

E. Crime/Incident Report—Part B1—Inmate (CDCR 837-B1)

F. Crime/Incident Report—Part B2—Staff (CDCR 837-B2), reported by R. Velasco

G. Crime/Incident Report—Part B2—Staff (CDCR 837-B2), reported by J. Garcia

H. Crime/Incident Report—Part B2—Staff (CDCR 837-B2), reported by M. Pompa

I. Crime/Incident Report—Part B2—Staff (CDCR 837-B2), reported by E. Schulte

J. Crime/Incident Report—Part C—Staff Report (CDCR 837-C), reported by R. Rodriguez

K. Crime/Incident Report—Part C—Staff Report (CDCR 837-C), reported by T. Castellanos

L. Crime/Incident Report—Part C1—Staff Report (CDCR 837-C1), reported by T. Castellanos

M. Crime/Incident Report—Part C—Staff Report (CDCR 837-C), reported by J. Garcia

N. Crime/Incident Report—Part C—Staff Report (CDCR 837-C), reported by R. Garza

O. Crime/Incident Report—Part C1—Staff Report (CDCR 837-C1), reported by R. Garza

/////

P.  Crime/Incident Report—Part C—Staff Report (CDCR 837-C), reported by M. Pompa

Q.  Crime/Incident Report—Part C—Staff Report (CDCR 837-C), reported by D. Rodriguez

R.  Crime/Incident Report—Part C—Staff Report (CDCR 837-C), reported by E. Schulte

S.  Video of interview with plaintiff regarding allegations of excessive force, conducted March 16, 2016

T.  Completed CDCR 7219 form regarding plaintiff dated March 16, 2016, signed by N. Buschbacher

U.  Completed CDCR 7219 form regarding D. Rodriguez dated March 16, 2016, signed by D. Rodriguez

V.  Completed CDCR 7219 form regarding R. Rodriguez dated March 16, 2016, signed by E. Negre

W.  Plaintiff's medical records

X.  Relevant portions of plaintiff's Central File

Y.  Abstracts of Judgement for plaintiff's felony convictions

Z.  Abstracts of Judgment for felony conviction of any inmate witnesses

AA.  For demonstrative purposes, photographs and/or diagrams of KVSP

BB.  Crime/Incident Report—Part C—Staff Report (CDCR 837-C), reported by B. Long and photographs referenced

CC.  Crime/Incident Report—Part C1—Staff Report (CDCR 837-C1), reported by B. Long and photographs referenced